## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between MATTEOS OF BELLMORE, INC., GIOVANNI ANNUNZIATA, and ANTHONY SALUTE (collectively, the "Defendants"), and MAURO MOLINA LOPEZ and MAURO MOLINA (collectively, the "Plaintiffs"), on their own behalf and on behalf of their heirs, executors, administrators, successors and assigns ("Plaintiffs") (Plaintiffs and Defendants are hereinafter collectively referred to as the "Parties").

WHEREAS, Plaintiffs have made certain allegations against Defendants regarding their employment with MATTEOS OF BELLMORE, INC. in a Complaint filed by Plaintiffs on February 22, 2017 in the United States District Court for the Eastern District of New York (the "Court"), entitled *Lopez et al. v. Matteos of Bellmore, Inc. et al.*, Civil Action No. 17 CV 00987 (SJF)(GRB) (the "Action");

WHEREAS, the Parties understand and agree that Defendants have denied and continue to deny each and every allegation of wrongdoing made against them in the Action, and further deny that they engaged in any wrongful conduct against Plaintiffs;

WHEREAS, the Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiffs; and

WHEREAS, the Parties understand and agree that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving and fully and finally settling all matters in controversy, disputes, causes of action, claims contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiffs, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties in their regularly spoken language by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises, agreements and the Release contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1

(The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. In consideration for the payment of THIRTY FIVE THOUSAND DOLLARS ($35,000.00) (the "Settlement Payment") as set forth in Paragraph 2. herein, Plaintiffs, for themselves, their heirs, executors, administrators, successors, assigns and anyone who has or obtains legal rights or claims through them (collectively referred to as "RELEASORS"), hereby fully release, waive and forever discharge Defendants, their parents, affiliates, subsidiaries, divisions, branches, business units, committees, groups, joint ventures and related entities and persons, their predecessors, successors and assigns, and their past and present insurers or insurance carriers, fiduciaries, trustees, directors, officers, owners, shareholders, members, employees, administrators, executors, agents, representatives, accountants, attorneys, in both their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (collectively referred to as "RELEASEES"), from any and all possible wage-related charges, complaints, claims, causes of action, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever, known or unknown, suspected or unsuspected, that RELEASORS ever had and/or now have, or that were and/or could have brought in this Action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the New York Labor Law, § 1 *et seq.* and/or any other applicable federal, state or local wage-related law (statutory or decisional), ordinance, rule or regulation, whether brought on an individual basis or as part of a class or collective action, against RELEASEES, arising out of, relating to or in connection with Plaintiffs' employment with Defendants.

2. Provided that this Agreement and the Stipulation of Dismissal attached hereto as Exhibit A ("Stipulation") are fully executed by both Parties, that the Court approves this Agreement and the settlement terms as stated herein, and that the Stipulation is So-Ordered by the Court, the Settlement Payments shall be delivered to the offices of Plaintiffs' counsel, Monteiro & Fishman LLP, 91 N. Franklin Street, Suite 108, Hempstead, New York 11550 and paid as follows, (i) Maruro Molina Lopez shall be paid the total amount of $17,122.50 which shall be subject to Form 1099 reporting; (ii) Mauro Molina shall be paid the total amount of $5,707.50 which shall be subject to Form 1099 reporting; and (iii) Monteiro & Fishman LLP shall be paid the total amount of $12,170.00 as compensation for attorney's fees and costs (being $11,665.00 plus $505.00 in costs and expenses) which shall be subject to Form 1099 reporting, payable in the following disbursements, which checks shall be certified or bank:

    a. On or before November 15, 2017, Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, shall pay the sum of $6,000.00 as follows:

        i. Issue a check to "Mauro Molina Lopez" in the amount of $2,940.00.
        ii. Issue a check to "Mauro Molina" in the amount of $978.00.
        iii. Issue a check to "Monteiro & Fishman LLP" in the amount of $2,082.00 and Monteiro & Fishman shall actually receive such check.

2

b. On or before December 15, 2017, Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, shall pay the sum of $5,000.00 as follows:

   i. Issue a check to "Mauro Molina Lopez" in the amount of $2,450.00.
   ii. Issue a check to "Mauro Molina" in the amount of $815.00.
   iii. Issue a check to "Monteiro & Fishman" in the amount of $1,735.00 and Monteiro & Fishman shall actually receive such check.

c. On or before January 15, 2018, Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, shall pay the sum of $5,000.00 as follows:

   i. Issue a check to "Mauro Molina Lopez" in the amount of $2,450.00.
   ii. Issue a check to "Mauro Molina" in the amount of $815.00.
   iii. Issue a check in the amount of $1,735.00, made payable to "Monteiro & Fishman LLP" and Monteiro & Fishman shall actually receive such check.

d. On February 15, 2018 Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, shall pay $3,800.00 as follows:

   i. Issue a check to "Mauro Molina Lopez" in the amount of $1,862.00.
   ii. Issue a check to "Mauro Molina" in the amount of $619.40.
   iii. Issue a check in the amount of $1,318.60, made payable to "Monteiro & Fishman, LLP"" Defendants shall issue an IRS Form 1099 to Monteiro & Fishman, LLP in connection with this payment and Monteiro & Fishman shall actually receive such check.

e. On March 15, 2018 Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata shall pay the monthly sum of $3,800.00 as follows:

   i. Issue a check to "Mauro Molina Lopez" in the amount of $1,862.00.
   ii. Issue a check to "Mauro Molina" in the amount of $619.40.
   iii. Issue a check in the amount of $1,318.60, made payable to "Monteiro & Fishman, LLP" and Monteiro & Fishman to actually receive such check.

f. On April 15, 2018 Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata shall pay the monthly sum of $3,800.00 as follows:

   i. Issue a check to "Mauro Molina Lopez" in the amount of $1,862.00.
   ii. Issue a check to "Mauro Molina" in the amount of $619.40.
   iii. Issue a check in the amount of $1,318.60, made payable to "Monteiro & Fishman, LLP" and Monteiro & Fishman to actually receive such check.

    g.    On May 15, 2018 Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, shall pay the monthly sum of $3,800.00 as follows:

        i.    Issue a check to "Mauro Molina Lopez" in the amount of $1,862.00.
        ii.    Issue a check to "Mauro Molina" in the amount of $619.40.
        iii.    Issue a check in the amount of $1,318.60, made payable to "Monteiro & Fishman, LLP" and Monteiro & Fishman to actually receive such check.

    h.    On June 15, 2018 Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, shall pay the monthly sum of $3,800.00 as follows:

        i.    Issue a check to "Mauro Molina Lopez" in the amount of $1,862.00.
        ii.    Issue a check to "Mauro Molina" in the amount of $619.40.
        iii.    Issue a check in the amount of $1,318.60, made payable to "Monteiro & Fishman, LLP" and Monteiro & Fishman to actually receive such check.

3.    It is the intent and desire of Plaintiffs the Settlement Payment referred to in Paragraphs 2(a)(iii), (b)(iii), (c)(iii), and (d)(iii) are to be treated as 1099 income Monteiro & Fishman LLP and Plaintiffs shall receive an IRS Form 1099 with respect to these payments. Monteiro & Fishman LLP shall provide Defendants with a fully executed IRS form W-9 for it as well as for Mauro Molina and Mauro Molina Lopezas a pre-condition of the issuance of these checks.

4.    The Settlement Payment is accepted in complete satisfaction of Plaintiffs' wage-related claims (known or unknown). Plaintiffs acknowledge that neither Defendants nor their employees or attorneys have made any representations to them concerning the tax consequences to them, if any, of the Settlement Payment, and are not currently providing any tax advice or representations by way of this Agreement. Notwithstanding the foregoing, Plaintiffs agree and warrant that, in the event it is determined by any taxing authority or government agency that there is any tax liability, penalty, fine, or interest due on the portions of the Settlement Payment referred to in Paragraphs 2, whether by way of withholding, reporting, accounting, or any associated penalties, Plaintiffs will defend, indemnify, and hold Releasees harmless from any costs, including attorneys' fees, or claims that may arise from the settlement or any payments made by virtue of the settlement, including but not limited to assuming any liability imposed as a result of taxes, interest, or penalties incurred by Releasees as a result of any tax reporting or withholding obligations.

5.    Plaintiffs hereby acknowledge, represent and agree that they: (i) have been advised by Defendants of their right to discuss all aspects of this Agreement with an attorney, financial advisor and/or representative of their choice; (ii) have had an opportunity to and have so consulted with an attorney and determine whether this settlement is reasonable and fully satisfies their alleged claims against Defendants; (iii) have carefully read and understand all of the provisions of this Agreement; (iv) have had a reasonable period of time to consider whether to enter into this Agreement; (v) are voluntarily and knowingly entering into this Agreement; (vi there is a bona

fide dispute as to wages paid and owed and the settlement constitutes a reasonable compromise of the disputed issues and will enable the Partis to avoid the cost and uncertainty of further litigation

6. Plaintiffs represent and warrant that they have not assigned or hypothecated any claims herein released in any manner, to any person or other entity, in any manner, directly or indirectly. Plaintiffs further represent and warrant that they are not aware of any liens or pending legal claims applicable to the Settlement Payment. Plaintiffs agree to defend, indemnify and hold harmless Releasees against any lien, claim or action asserted against the Settlement Payment. Plaintiffs also agree that they will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiffs or Releasees as against the Settlement Payment.

7. Further, neither this Agreement nor the furnishing of consideration for the release intended, shall be construed as an admission that Defendants or any Releasee has violated any federal, state or local law (statutory or decisional), ordinance or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiffs.

8. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, provided that it is interpreted to bar any and all claims Plaintiffs may have against Defendants.

9. Upon delivery to the Defendants of a fully executed copy of this Agreement, Plaintiffs shall deliver to Defendants' counsel an executed copy of the Stipulation of Dismissal with Prejudice attached hereto dismissing all claims in the Action with prejudice and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiffs shall then file within fifteen (15) business days after the full execution of this Agreement and the Stipulation of Dismissal with Prejudice, a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Action with prejudice.

10. Plaintiffs agree that they will never apply for or accept employment with Defendants or any of their affiliates, parent companies, subsidiaries, or successors. If Plaintiffs are found to be an applicant or employee of any of the foregoing, whether inadvertent or otherwise on the part of Plaintiffs, then Defendants or the pertinent affiliate, parent company, subsidiary, or successor, at its sole discretion, may deny or terminate such employment pursuant to this Agreement, which shall serve as an absolute affirmative defense to any liability for such act.

11. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York, regardless of whether any party is, or may hereafter be, a resident of another state.

12. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

13. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

14. This Agreement constitutes the entire agreement and the complete and full settlement of any and all wage related causes of action, contentions and claims of Plaintiffs against Defendants or any Releasee and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. Plaintiffs represent and acknowledge that in executing this Agreement, they do not rely upon any representation or statement made by Defendants with regard to the subject matter, basis or effect of this Agreement other than those contained herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

15. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

16. This Agreement shall become effective once fully executed by all parties.

17. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Action.

18. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original but all of which together shall constitute one and the same instrument, provided that each Party receives a fully executed copy. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

19. Plaintiffs acknowledge that they have received a copy of this Settlement Agreement. Plaintiffs state that their attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

20. Notwithstanding the above, Plaintiffs and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and Defendants expressly consent to the jurisdiction of the Court for such purposeIn the Event of Ddefault (infra) Defendants, Matteos of Bellmore, Inc. and Giovanni Annunziata, and Anthony Salute shall be jointly and severally liable to Plaintiffs in a total amount of $40,000.00, less any amounts already paid pursuant to paragraph 2 above Following such Event of Default, Defendants consent to service by electronic mail to Justin@nhglaw.com of a letter motion seeking a Judgment for all amounts due and owing, plus attorneys fees, and costs and expense. Additionally, Defendants, Matteos of Bellmore, Inc. Giovanni Annunziata and Anthony Salute, shall be jointly and severally liable for reasonable costs and attorney's fees incurred by Plaintiffs to obtain a judgment against Matteos of Bellmore, Inc. and Giovanni Annunziata and all fees, costs and attorney's fees associated with all collection efforts associated with the enforcement

6

and monetization associated with the Judgment. Defendants, Matteos of Bellmore, Inc. Giovanni Annunziata and Anthony Salute, will be considered in default of this Agreement if they fail to timely deliver to the Plaintiffs' attorney any of the installment payments set forth in paragraph 2 of this Agreement and such failure is not cured within ten (10) business days after written notice to cure any defaults [an "Event of Default"]. If after ten (10) business days Defendants have failed to cure the default, an "Event of Default" is deemed to have occurred, the amount of $40,000.00, minus any payments made pursuant to this Agreement will immediately become due to the Plaintiffs, and the Plaintiffs may apply to the Court for such relief by letter motion as detailed above. Written notice of such default will be sent by electronic mail to Justin@nhglaw.com. An Event of Default shall also occur if Defendants fail to timely make two payments pursuant to the scheduled set forth in paragraph 2.

21. This Agreement shall be deemed to have been jointly drafted by both Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provisions, or this Agreement as a whole.

IN WITNESS WHEREOF, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

**THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE-RELATED CLAIMS AGAINST RELEASEES, AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD PARTY BENEFICIARIES OF THIS RELEASE AND SETTLEMENT AGREEMENT.**

Plaintiffs:

X _____    10/13/2017
MAURO MOLINA LÓPEZ             Date

X _____    10/10/2017
MAURO MOLINA                   Date

Defendants:

MATTEOS OF BELLMORE, INC.

By: _____    10/23/17
Name: GIOVANNI ANNUNZIATA      Date
Title: PRESIDENT

_____      _____
GIOVANNI ANNUNZIATA            Date

_____      10/23/17
ANTHONY SALUTE                 Date

7